**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6588

STACY W. HOWARD,

Plaintiff - Appellant,

versus

GEORGETOWN COUNTY DETENTION CENTER; MIKE
SWARTZ, Chief Administrator; CHUCK KOCIS,
Major; KENNETH OWENS, Captain; BARRY MARSH,
Captain,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (CA-04-1180-6-13AK)

Submitted:  November 17, 2005        Decided:  November 23, 2005

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Stacy W. Howard, Appellant Pro Se. William Walter Doar, Jr., Leigh
Taylor Powers, MCNAIR LAW FIRM, PA, Georgetown, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Stacy W. Howard seeks to appeal the district court's order adopting the magistrate judge's recommendation to grant Defendants' motion for summary judgment in Howard's 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 11, 2005. The notice of appeal was filed on April 15, 2005.[*] Because Howard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We grant Howard's motion to supplement the record. We dispense with oral argument because the facts and legal contentions

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED